# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 11-0152** |
| | | **CIVIL NO.  6:14-3182** |
| **VERSUS** | * | **JUDGE FOOTE** |
| **CHRISTOPHER LESLIE SMITH** | * | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the

Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner,

Christopher Leslie Smith ("Smith").  [rec. doc. 199].  The Government has filed an

Answer and Memorandum in Support. [rec. doc. 203].  For the following reasons,

the undersigned recommends that the Motion be **DENIED AND DISMISSED**

**WITH PREJUDICE** on the merits and alternatively, because petitioner's

sentencing claims are procedurally defaulted.

## BACKGROUND

On September 14, 2011, Smith was indicted on one count of conspiracy to

receive and distribute child pornography in violation of 18 U.S.C. §

2252A(a)(2)(A) and (b)(1) and three counts of distribution of child pornography in

violation of 18 U.S.C. § 2252A(a)(2)(A). [rec. doc. 32].   On June 8, 2012, Smith

pleaded guilty before the undersigned Magistrate Judge to conspiracy to receive

and distribute child pornography. [rec. docs. 105 and 110].  Judge Foote accepted the plea on July 8, 2012. [rec. doc. 108].  After preparation of a Pre-Sentence Investigation Report ("PSI"), Smith was sentenced on December 18, 2012 to a below Guidelines range sentence of 168 months imprisonment[1]; petitioner's Judgment of conviction was entered on this Court's docket on January 7, 2013. [rec. docs.  159, 166, 163 and 193].   Smith did not directly appeal his conviction or sentence.

On December 13, 2013, Smith filed a Motion seeking appointment of counsel and a 90 day extension of time within which to file a § 2255 Motion to Vacate. [rec. doc. 186].  On December 16, 2013, the undersigned denied Smith's request for appointed counsel, but granted Smith's request for an additional 90 days to file his § 2255 Motion. [rec. doc. 187].

On June 30, 2014, Smith filed another Motion seeking an additional extension of time within which to file a § 2255 Motion to Vacate. [rec. doc. 189]. Judge Foote granted Smith an extension until August 29, 2014. [rec. doc. 190].

On September 2, 2014, Smith filed another Motion seeking appointment of counsel and a third extension of time within which to file a § 2255 Motion to Vacate. [rec. doc. 194].  On September 3, 2014, the undersigned denied Smith's

---

[1]*See* rec. doc. 166, ¶ 70 setting forth a Guidelines range of 210 to 260 months, reduced as a result of the 20 year statutorily authorized maximum sentence to 210 to 240 months imprisonment.

request for appointed counsel, but granted Smith's request for additional time, through November 1, 2014, to file his § 2255 Motion. [rec. doc. 195].

The instant motion to vacate was signed by Smith on October 28, 2014 and filed by the Clerk of this Court on November 3, 2014.  Petitioner asserts the following claims for relief:  (1) that his sentence was unreasonable given his age and because others charged under the same indictment received lesser sentences, and (2) he received ineffective assistance of counsel because counsel advised that, by entering a guilty plea, Smith would receive no more than 12 years, and if he debriefed, 5 to 7 years and maybe less.  These claims are discussed below.

## LAW AND ANALYSIS

### Claims Properly Considered in this §2255 Motion/Scope of Review

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section 2255 provides four grounds justifying relief:  (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of review is actually narrow.

3

The Supreme Court and the Fifth Circuit have emphasized repeatedly that "a collateral challenge may not do service for an appeal." *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) *citing United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584 (1982).   Following a conviction and exhaustion or waiver of the right to direct appeal, federal courts presume a defendant stands fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.) *reh. denied* (1998) *citing Shaid,* 937 F.2d at 231-32; *Frady,* 456 U.S. at 164.  As a result, review under § 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude.  *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232; *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468 (1962).   However, those issues may not be raised for the first time on collateral review without a showing of both cause for the procedural default and actual prejudice resulting from the error.  *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232 *citing Frady,* 456 U.S. at 166.  The only exception to the cause and prejudice requirement is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent" *Shaid*, 937 F.2d at 232; *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).  To establish actual innocence petitioner must demonstrate that, "in light of all the evidence, it is more

likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998) (internal quotations and citations omitted).  In this context, "actual innocence" means factual innocence, not mere legal insufficiency.  *Id*.

Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *Cervantes*, 132 F.3d at 1109 *citing United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).  The standard to establish a "fundamental miscarriage of justice" is the same as the "actually innocent" standard.  *United States v. Sorrels*, 145 F.3d 744, 749 fn. 3 (5th Cir. 1998) (citations omitted).

Under the applicable law, the government is correct that petitioner's sentencing claims are procedurally barred and may not properly be considered in this § 2255 Motion as these claims were not presented on direct appeal, and petitioner has failed to demonstrate either cause or prejudice for his default, his actual innocence or that a miscarriage of justice will result by this Court's refusal to consider these claims. *See United States v. Faubion*, 19 F.3d 226, 232-233 (5th Cir. 1994) *citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per

curiam) and *United States v. Perez*, 952 F.2d 908, 909-10 (5th Cir. 1992).

Petitioner's claims that his sentence was unreasonable given his age and because others charged under the same indictment received lesser sentences are therefore properly denied solely on grounds of procedural default.  Nevertheless, all of petitioner's claims will be addressed on the merits.

## I. Reasonableness of Sentence

At the time of sentencing, Smith was 48 years old.  There is nothing unreasonable about imposing a 14 year sentence on a person Smith's age.  Indeed, given Smith's apparent lack of any significant medical issues[2], it is likely that Smith will complete his sentence and ultimately be released from custody. Moreover, this Court has imposed lengthier sentences on persons the same age and older than Smith when warranted.

During sentencing, Judge Foote expressly acknowledged that while Smith's sentence appeared on its face to be disparate from that given to another defendant in the conspiracy, the difference in sentences was due to factors present in Smith's case that were not present in the co-defendant's case.  More specifically, Judge Foote stated that in the co-defendant's case the government did not meet its burden

---

[2]*See* rec. doc. 166, ¶ 57, noting that Smith has a history of high cholesterol, calcium buildups and sinus infections, and is not on any medication.

of proof regarding active participation in the distribution of the online pornography, but the government had satisfied its burden in Smith's case. Moreover, the co-defendant had presented the court with expert testimony demonstrating the defendant's "passive psychological profile and a low risk of acting out."  Furthermore, the sentencing enhancement for distribution through a peer-to-peer network in Smith's case, unlike the case of the co-defendant, was not automatic.  Finally, Judge Foote cited the violent and sadomasochistic nature of the images in Smith's case as justifying a lengthier sentence, than that imposed on Smith's co-defendant. [rec. doc. 193, 22-23].  Under these circumstances, the undersigned cannot find anything unreasonable about the sentence imposed on Smith in this case.

For these reasons, Smith sentencing claims warrant no relief.

## II.  Ineffective Assistance of Counsel

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). However, petitioner's guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings.  *United States v. Glinsey,* 209 F.3d 386,392 (5th Cir. 2000); *United States v. Bendicks*, 449 F.2d 313, 315 (5th Cir. 1971). "This includes claims of ineffective assistance of counsel except

insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) her attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689.

*Strickland*'s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[3] A reasonable probability is a probability

---

[3]The *Strickland* court outlined the extent of prejudice that must be established by the defendant: An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d
631, 635 (5ᵗʰ Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068.  With respect to
guilty pleas, the prejudice requirement "focuses on whether counsel's
constitutionally ineffective performance affected the outcome of the plea process."
*Glinsey,* 209 F.3d at 392 *quoting Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366,
370, 88 L.Ed.2d 203 (1985). Thus, the petitioner "must show that there is a
reasonable probability that, but for counsel's errors, he would not have pleaded
guilty and would have insisted on going to trial." *Id.*  With respect to sentencing,
to show prejudice, the petitioner must demonstrate a "reasonable probability that,
but for counsel's unprofessional errors, the result of the sentencing proceeding
would have been different." *Ruiz v. Stephens*, 728 F.3d 416, 425 (5ᵗʰ Cir. 2013).

A petitioner must affirmatively prove prejudice.  *Deville*, 21 F.3d at 659;
*Mangum v. Hargett*, 67 F.3d 80, 84 (5ᵗʰ Cir. 1995); *Earhart v. Johnson*, 132 F.3d
1062,1066 (5ᵗʰ Cir. 1998).  Self serving conclusory statements that the outcome
would have been different "fall far short of satisfying *Strickland's* prejudice

---

Defendant must show that there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have
been different.  A reasonable probability exists if the probability is
sufficient to undermine confidence in the outcome.

When a defendant challenges a conviction , the question is whether there
is reasonable probability that absent the errors the fact-finder would
have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

element." *Sayre*, 238 F.3d at 635.  Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94.  Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's  performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998).  However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.*"* *Green,* 160 F.3d at 1043.

Smith claims that counsel failed to provide an adequate estimate of petitioner's sentencing range, advising petitioner that he would not receive more than 12 years imprisonment, and if he debriefed, between 5 to 7 years and maybe less.

Smith's argument, which must be construed as an argument that his counsel's ineffectiveness rendered his guilty plea involuntary (*see Glinsey, supra*.), is foreclosed by Fifth Circuit precedent which holds that as long as the

defendant is advised of the maximum penalty which can be imposed, an attorney's erroneous prediction is insufficient basis to render a guilty plea unknowing or involuntary.  *See United States v. Pearson*, 910 F.2d 221 (5th Cir. 1990); *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir. 1993).

In *Gracia*, the defendant claimed that he had relied on his attorney's erroneous prediction of what his sentence would be. *Gracia*, 983 F.2d at 629.  The Fifth Circuit denied the defendant relief, holding that because the "court [had] properly advised the defendant about the possible maximum penalty" the attorney's erroneous prediction was "not a sufficient basis to set aside a guilty plea." *Id. citing United States v. Jones*, 905 F.2d 867, 868 (5th Cir. 1990); *see also United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993) ("[R]eliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary. As long as the defendant understood the length of time he might possibly receive he was fully aware of his plea's consequences."); *United States v. Smith*, 143 F.App'x 559 (5th Cir. 2005) (unpublished) ("Smith . . . asserts that if counsel had informed him that the government was seeking to enhance his sentence as a career offender, he would not have pleaded guilty.  As long as the defendant understood the length of time he might possibly receive, however, he was aware of the plea's consequences.

11

Smith was informed . . . of the consequences of his plea. Smith has not established that counsel provided ineffective assistance or that, but for the alleged ineffectiveness, he would have proceeded to trial")

In the present case, before accepting Smith's guilty plea, the undersigned informed Smith that he could be sentenced to not less than five years nor more than twenty years imprisonment.  Smith stated that he understood this penalty range. [rec. doc. 110, pg. 14].  Smith further acknowledged his understanding of this penalty range in writing in both his affidavit of understanding of maximum penalty and his plea agreement. [rec. docs. 108-1 and 108].   Because Smith knew the maximum possible sentence to which he might have been subjected and his actual sentence did not exceed the maximum allowable, Smith's  plea was voluntary and his contention that he was denied effective assistance of counsel necessarily fails. *See United States v. Hargrave,* 2015 WL 1423067, *6-7 (W.D. La. 2015) (rejecting a similar claim of ineffective assistance of counsel) (and cases cited therein).

Moreover, this Court's records do not support petitioner's belated allegations that counsel led him to believe that a lesser sentence would be imposed or any argument that he did not know that the Court could impose a greater sentence.  To the contrary, the records before this Court refute petitioner's present contentions.

A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing  United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id. quoting Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).  Moreover, any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In his sworn testimony during his plea proceeding Smith acknowledged, while under oath, that no one had made any promises, other than those contained in the  plea agreement, that induced him to plead guilty. [rec. doc. 110, pg. 18]. He further acknowledged, while under oath, that no one made any predictions, prophecies, or promises to him as to what his sentence would be.  [*Id*.].  Indeed, contrary to his present contention, when asked if he knew the maximum possible sentence which could be imposed, Smith expressly stated "[m]y attorney said 5 to 20." [*Id*. at pg. 13]. Moreover, in his written plea agreement, signed by petitioner in connection with the entry of his guilty plea, Smith again "affirm[ed] that absolutely no promises . . ." except, those contained in the plea agreement, had been made to him. [rec. doc. 108, pg. 6].

13

Smith further acknowledged his understanding that any sentence recommended or agreed to by counsel was not binding on the Court and that the Court could therefore impose a more severe sentence than requested or recommended; it would be up to the Court to determine his sentence. [*Id*. at pg. 18-19].  Likewise, in his written plea agreement, signed by petitioner in connection with his guilty plea, Smith was also advised that "the sentencing judge alone will decide what sentence to impose" and that "the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea . . . ."  [rec. doc. 108].

In light of the above, despite petitioner's self-serving conclusory allegations,  petitioner's current claim of a promised lesser sentence, and prejudice therefrom, is refuted by this Court's records; Smith has not shown "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Glinsey*, 209 F.3d at 392; *Sayre*, 238 F.3d at 635; *See also Green,* 160 F.3d at 1043; *Lamb*, 179 F.3d at 359. Accordingly, the second prong of *Strickland* has not been satisfied and relief is therefore not warranted.

Based on the foregoing reasons, the undersigned recommends that Christopher Leslie Smith's § 2255 Motion be **DENIED** and **DISMISSED WITH**

14

**PREJUDICE** on the merits and alternatively, because petitioner's sentencing claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5ᵗʰ Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §  2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed this 14th day of September, 2015, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE: ___9/14/2015_____
BY: _____EFA_____
TO: _____EEF_____
kk

16